■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DERIAN, Appellant. [993 NYS2d 904]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered October 20, 2008, convicting defendant, after a jury trial, of manslaughter in the second degree, vehicular manslaughter in the second degree (two counts) and operating a motor vehicle while under the influence of alcohol

(two counts), and sentencing him to an aggregate term of 4½ to 13½ years, unanimously affirmed.

Even if the court improvidently exercised its discretion in admitting two bottles of liquor as a model or demonstrative aid illustrative of testimony already in the record (*see People v Del Vermo*, 192 NY 470, 482-483 [1908]), any such error was harmless under the circumstances. The bottles, which were identical to the bottles defendant admitted purchasing shortly before the fatal accident, were not unduly prejudicial to the defense in view of the totality of the other evidence admitted against defendant.

Although the court erred in declining to instruct the jury that proof of legal intoxication under the Vehicle and Traffic Law was insufficient, in itself, to prove the element of recklessness required to establish second-degree manslaughter under Penal Law § 125.15, the error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). The court fully instructed the jury on the statutory definition of recklessness, and there was overwhelming evidence that defendant engaged in a pattern of conduct that evinced recklessness, even in the absence of intoxication. Accordingly, there is no reasonable possibility that the jury convicted defendant of manslaughter under Penal Law § 125.15 solely on the basis of intoxication. Concur—Friedman, J.P., Sweeny, Acosta, Saxe and Manzanet-Daniels, JJ.